FILED
MARCH 6, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

----------------------------------------------------------------X
BROADCAST MUSIC, INC.;                                          )
WARNER-TAMERLANE PUBLISHING CORP.;                              )   CIVIL ACTION NO.:
DYNATONE PUBLISHING COMPANY;                                    )
UNIVERSAL–SONGS OF POLYGRAM                                     )
INTERNATIONAL, INC.; EMI BLACKWOOD                              )
MUSIC, INC.; SCREEN GEMS–EMI MUSIC, INC.;)                          COMPLAINT        08 C 1359
FOURTEENTH HOUR MUSIC, INC.;                                    )
SPRINGTIME MUSIC, INC.; STONE DIAMOND                           )
MUSIC CORP.; ESTATE OF MAURICE ERNEST                           )                    JUDGE GOTTSCHALL
GIBB and ROBIN GIBB, d/b/a GIBB BROTHERS                        )                    MAGISTRATE JUDGE KEYS
MUSIC; BARRY ALAN GIBB, an individual d/b/a                     )
CROMPTON SONGS; DANDELION MUSIC CO.,                            )
a division of JAMIE MUSIC PUBLISHING CO.;                       )
LUTHER RANDOLPH and JOHNNY STILES d/b/a                         )
STILRAN MUSIC; ZOMBA SONGS, A division of                       )
ZOMBA ENTERPRISES, INC.; R KELLY                                )
PUBLISHING, INC.; SONGS OF UNIVERSAL,                           )
INC.; GASOLINE ALLEY MUSIC, INC. d/b/a                          )
GASOLINE ALLEY MUSIC; CARL E. MARTIN                            )
and DARNELL A. VAN RENSALIER, a partnership                     )
d/b/a CAMEO APPEARANCE BY RAMSES                                )
MUSIC; MUSIC GALLERY, INC.; THE ESTATE                          )
OF BARRY EUGENE WHITE d/b/a SEVEN                               )
SONGS,                                                          )
                                                                )
                         Plaintiffs,                            )
                                                                )
             v.                                                 )
                                                                )
TASTE, INC. d/b/a TASTE ENTERTAINMENT                           )
CENTER; LAWRENCE SIMMONS and                                    )
DONALD SIMMONS,                                                 )
each individually,                                              )
                                                                )
                         Defendants.                            )
                                                                )
----------------------------------------------------------------X

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on

knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff, Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 320 West 57th Street, New York, New York 10019. BMI has been granted the right to license the public performance rights in approximately 6.5 million copyrighted musical compositions (the "BMI repertoire"), including those which are alleged herein to have been infringed.

4. The other Plaintiffs are the owners of the copyrights in the musical compositions which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Defendant, Taste, Inc. is a corporation organized and existing under the laws of the State of Illinois, which operates, maintains and controls an establishment known as Taste Entertainment Center, located at 6331 S. Lowe Avenue, Chicago, IL, 60621, in this district (the "Establishment").

6. In connection with the operation of this business, Defendant Taste, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

7. Defendant Taste, Inc. has a direct financial interest in the Establishment.

8. Defendant Lawrence Simmons resides in this district at 9123 Cregier, Chicago, IL 60617.

9. Defendant Lawrence Simmons is an officer of Defendant Taste, Inc. with primary responsibility for the operation and management of that corporation and the Establishment.

10. Defendant Lawrence Simmons has the right and ability to supervise the activities of Defendant Taste, Inc. and a direct financial interest in that corporation and the Establishment.

11. Defendant Donald Simmons resides in this district at 35 Huntly Ct., Crete, IL 60417.

12. Defendant Donald Simmons is an officer of Defendant Taste, Inc. with responsibility for the operation and management of that corporation and the Establishment.

13. Defendant Donald Simmons has the right and ability to supervise the activities of Defendant Taste, Inc. and a direct financial interest in that corporation and the Establishment.

14. The establishment was licensed by BMI from March 1, 1992, to May 31, 1999. The license was cancelled by BMI due to breach of contract.

15. The establishment was licensed by BMI from October 1, 1999, to June 30, 2004. The license was cancelled by BMI due to breach of contract.

CLAIMS OF COPYRIGHT INFRINGEMENT

16. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 15.

17. Plaintiffs allege fifteen (15) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

18. Annexed as the Schedule and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the fifteen (15) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information: Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 noting the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the Registration number(s); Line 7 showing the date of infringement; and Line 8 identifying the location of the Establishment where the infringement occurred.

19. Each of the musical compositions identified on the Schedule, Line 2, were created by the persons named on Line 3 (all references to Lines are lines on the Schedule).

20. On or about the dates indicated on Line 5, the publishers named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the numbers listed on Line 6.

21. On the dates listed on Line 7, Plaintiff BMI was and still is the licensor of the public performance rights in the musical compositions identified on Line 2. On the dates listed on Line 7, the Plaintiffs listed on Line 4 were and still are the owners of the copyright in the respective musical composition listed on Line 2.

22. On the dates listed on Line 7, Defendants performed and/or caused the musical compositions identified on Line 2 to be publicly performed at Taste Entertainment Center without a license or permission to do so. Thus, Defendants have committed copyright infringement.

23. The specific acts of copyright infringement alleged, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI repertoire at Taste Entertainment Center, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) That Plaintiffs have such other and further relief as is just and equitable.

Dated: March 6, 2008

By: /s/Charles A. Laff
    Charles A. Laff, Esq.
    calaff@michaelbest.com
    Gretchen M. Hosty, Esq.
    ghkotleba@michaelbest.com
    Michael Best & Friedrich LLP
    Two Prudential Plaza
    180 North Stetson Avenue, Suite 2000
    Chicago, IL 60601
    (312) 222-0800
    (312) 222-0818

Attorneys for Plaintiffs