# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
:
**BROADCAST MUSIC, INC., et al.,** :
: Civil Action No.: 1:08-CV-01359
Plaintiffs, :
: **Judge Gottschall**
vs. : **Magistrate Judge Keys**
:
**TASTE, INC. d/b/a TASTE ENTERTAINMENT** :
**CENTER; LAWRENCE SIMMONS and** :
**DONALD SIMMONS, each individually.** :
:
Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## MOTION FOR ALTERNATIVE SERVICE

Plaintiffs bring this motion seeking an order authorizing alternative service of process for Lawrence Simmons, who has been evading service as a named individual in this suit and registered agent for Taste. Plaintiffs request that the Court authorize service by courier, such as Federal Express or UPS, on Lawrence Simmons. Plaintiffs effectuated service on Taste via the Secretary of State. Attached as Exhibit A are a copy of the Affidavit of Compliance for Service on Secretary of state under the Business Corporation Act and return receipt postcard verifying delivery of the Summons and Complaint to Lawrence Simmons as registered agent for Taste. As shown in the affidavits of William Donahue attached as Exhibit E (hereinafter "Donahue Decl.") and discussed below, plaintiffs have made twelve attempts to serve Lawrence Simmons at both his residence and place of business, but Lawrence Simmons continues to evade service.

## ARGUMENT

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides for service upon an individual pursuant to the law of the state in which the district court is located. Illinois provides for alternative methods of service of process if service cannot be made by traditional methods of service, namely, by leaving a copy of the summons with the defendant personally or by leaving a copy at the defendants' usual place of abode (subject to the requirements of 735 ILCS 5/2-203(a)(2)). Illinois provides for service by special order of the court as follows:

> If service upon an individual defendant is impractical…, the plaintiff may move, without notice, that the court enter an order directing a comparable method of service. This motion shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical …, including a specific statement showing that a diligent inquiry as to the location of the defendants was made and reasonable efforts to make service have been unsuccessful. The court may order service to be made in any manner consistent with due process.

735 ILCS 5/2-203.1. *See People ex. Rel. Waller v. Harrison*, 2004 WL 1152517 (Ill. App. 2d. May 21, 2004) (service by publication ordered)(Ex. B); *United General Ins. Co. v. Tyer*, 2001 WL 487957 (N.D. Ill. May 7, 2001) (service by certified mail, return receipt ordered)(Ex. C); *Mugavero v. Kenzler*, 739 N.E. 2d 979 (Ill. App. 2d 2000) (service via secretary of state ordered).

Lawrence Simmons has deliberately evaded service via traditional means. A special process server attempted to serve Lawrence Simmons at 9123 Cregier, Chicago, Illinois on eight different occasions. Donahue Decl ¶6. Plaintiffs believe that this address is Lawrence Simmons' residence, as indicated in the online records of the Secretary of State of Illinois. *See* Ex. D. The special process server made the service attempts on eight different days at eight different times of the day, including March 14, 2008, at 10:30 a.m., March 16, 2008, at 1:10 p.m., March 17, 2008, at 5:30 p.m., March 22, 2008, at 10:10 a.m., March 28, 2008, at 7:45 a.m., March 30, 2008,

at 6:45 p.m., April 3, 2008, at 7:20 p.m., and April 9, 2008, at 8:00 a.m. On March 16, 2008, the special process server observed someone in the residence moving the curtains and that person did not answer the door. *Id.* On April 9, 2008, a female at the residence spoke to the special process server through the door, stating that the subject was not home and that she was not a household member. *Id.*

The special process server also attempted to serve Lawrence Simmons on four different occasions at the business where the complained infringements took place at 6331 S. Lowe Avenue, Chicago, Illinois 60621. Donahue Decl ¶6. The special process server made the service attempts on four different days at four different times of the day, including March 12, 2008, at 4:00 p.m., March 13, 2008, at 5:15 p.m., March 20, 2008 at 9:30 (supporting affidavit does not indicate a.m. or p.m.), and March 28, 2008, at 7:45 a.m. *Id.* On all attempts, the business was closed and no one answered the door. *Id.*

Because Plaintiffs were unable to locate and serve Lawrence Simmons as registered agent of Taste, plaintiffs served the corporation via the Secretary of State pursuant to the Illinois Business Corporation Act. The Affidavit of Compliance for Service on Secretary of State under the Business Corporation Act was filed with the Secretary of State on April 15, 2008, and received by Lawrence Simmons on April 26, 2008. *See* Ex. D.

Due process requires notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950). In an exceptional case, i.e. where defendants are missing or unknown, the plaintiff need only adopt a form of service of process "not substantially less likely" to provide notice than any feasible and customary alternative. *Id.* at 315. Lawrence Simmons' last known address is 9123 Cregier,

3

Chicago, Illinois 60621.  The online records of the Secretary of State confirm that address, and the female encountered at the residence on April 9, 2008, informed the special process server that Lawrence Simmons was not home; she did not say that Lawrence Simmons no longer lived at the address.  Further, although the business appeared to be closed during the service attempts, Taste, Inc. is listed as an active corporation at 6631 S. Lowe Avenue, Chicago, Illinois 60621, and Lawrence Simmons is identified as its registered agent with the Secretary of State.

For the foregoing reasons, plaintiffs request that the Court issue an order authorizing alternative service on Lawrence Simmons by courier, e.g., Federal Express or UPS, or to specifically include and authorize the previous service of the Summons and Complaint on Taste via the Secretary of State as service on Lawrence Simmons as well, considering that the correspondence sent via certified mail to Lawrence Simmons as registered agent of Taste pursuant to the Illinois Business Corporation Act was signed for by Lawrence Simmons.

Dated: May 5, 2008

        Respectfully submitted,

        /s/Charles A. Laff
        Charles A. Laff, Esq.
        claff@michaelbest.com
        Gretchen M. Hosty, Esq.
        ghkotleba@michaelbest.com
        Michael Best & Friedrich LLP
        Two Prudential Plaza
        180 North Stetson Avenue, Suite 2000
        Chicago, IL 60601
        (312) 222-0800
        (312) 222-0818

        Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

  I, Gretchen M. Hosty, an attorney of record in this matter, certify that on May 5, 2008, I caused a copy of the following document:

**MOTION FOR ALTERNATIVE SERVICE**

to be served on the defendants by United States mail, first-class postage pre-paid:

  Donald Simmons
  35 Huntly Ct.
  Crete, Illinois 60417

  Taste, Inc.
  c/o Lawrence E. Simmons, as Registered Agent
  6331 S. Lowe Avenue
  Chicago, Illinois 60621

  Lawrence Simmons
  9123 Cregier
  Chicago, Illinois 60617

                /s/Gretchen M. Hosty
                Gretchen M. Hosty