UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------X
                                         :

BROADCAST MUSIC, INC., et al.,   :

                                         :   Civil Action No.: 1:08-CV-01359

            Plaintiffs,          :

            vs.                         :

TASTE, INC. d/b/a TASTE ENTERTAINMENT :
CENTER; LAWRENCE SIMMONS and    :
DONALD SIMMONS, each individually.  :

            Defendants.       :
                                         :
------------------------------------X

**AFFIDAVIT OF LAWRENCE E. STEVENS**

STATE OF TENNESSEE    )
                              ) ss:
COUNTY OF DAVIDSON   )

    I, LAWRENCE E. STEVENS, being sworn, says:

    1.    I am the Assistant Vice-President, General Licensing for BROADCAST MUSIC, INC., hereinafter referred to as "BMI", and I maintain an office at 10 Music Square East, Nashville, Tennessee 37203. I am fully familiar with the facts and circumstances in this matter, as well as with BMI's general licensing procedures.

    2.    BMI routinely sends to the proprietors of establishments where music is publicly performed license agreements and information explaining the need to obtain permission from copyright owners in order to lawfully publicly perform copyrighted music in their establishment. Copies of such correspondence are maintained at BMI's Licensing Office, under my supervision.

    3.    Taste Entertainment Center, located at 6331 S Lowe Ave, Chicago, IL 60621, was

licensed from March 1, 1992 through May 31, 1999 at which time account was canceled by BMI for breach of contract. A settlement was reached and the establishment was re-licensed from October 1999 through June 30, 2004 when it was again cancelled by BMI due to breach of contract.

4. After the license was cancelled, Taste Entertainment Center continued to offer musical entertainment without a license from BMI, or without permission from the copyright owners whose music was being publicly performed. Taste Entertainment Center is operated by Defendants. On August 10, 2004, BMI sent a letter to the establishment and reminded them that a license was required. An informational brochure and a BMI license agreement containing a license fee schedule were enclosed. The Defendants were reminded that BMI represented hundreds of thousands of writers and publishers, and that BMI had the right to license several million musical compositions. There was no response.

5. BMI has not issued a license to any person authorizing the performance at Taste Entertainment Center of any of the works alleged to have been infringed since August 1, 2004. Upon information and belief, none of the owners of the copyrights of any of said works has issued such a license to any person.

6. BMI sent additional letters, some with agreements, on June 29, 2004, July 27, 2004, September 1, 2004, October 14, 2004, December 2, 2004, December 28, 2004, March 9, 2005, June 21, 2006, August 21, 2006, October 20, 2006, December 20, 2006, February 22, 2007, April 25, 2007, June 21, 2007 and August 1, 2007. No response was received from Taste Entertainment Center.

7. On September 27, 2004, BMI sent the Defendants an overnight letter which instructed them to cease the public performance of BMI-licensed music.

8. BMI also employs licensing personnel who work under the supervision of the Licensing Directors. They assist BMI's licensing efforts by making telephone calls and personal visits to potential licensees. They make a contemporaneous note of each telephone call and personal visit made. Copies of these records are maintained at BMI's offices, along with copies of the correspondence discussed above.

9. BMI's records indicate that BMI licensing personnel telephoned Taste Entertainment Center on 10 occasions and spoke to both Lawrence Simmons and Donald Simmons.

10. Despite BMI's efforts, the Defendants failed to enter into a license agreement with BMI and continued to offer unauthorized public performance of BMI-licensed music.

11. Accordingly, in order to protect the rights of the publishers and writers affiliated with BMI, Barry Seidel and Kurt W. Rice were authorized to visit Taste Entertainment Center and make a written report of the music being publicly performed. Copies of Mr. Seidel's and Mr. Rice's Certified Infringement Reports are attached collectively as Exhibit A. These Reports include all of the compositions which are alleged in Plaintiffs' Complaint to have been performed.

12. BMI sent Taste Entertainment Center a letter by overnight mail advising of the investigation. The letter was delivered on June 22, 2007. There was no response.

13. All correspondence which I have indicated that BMI sent to the defendants by first-class mail was properly addressed, stamped and deposited in a U.S. mail receptacle by persons in BMI's employ.

14. Copies of the above correspondence are attached as Exhibit B.

15. Upon information and belief, the Defendants are still publicly performing music licensed by BMI at Taste Entertainment Center and BMI has not received an executed license from

the Defendants. Had the Defendants entered into an agreement at the time BMI first contacted them in June 2004, the estimated lost license fees would have been approximately $9,976.88 at a premises with an occupancy of 401 and other factors as set forth in the applicable BMI license agreement. Defendants owe BMI an additional $13,844.39 for outstanding breach balance for periods of October 1999 through June 2004, which includes late fees associated with non-payment, and all arbitration and court costs.

Pursuant 28 U.S.C. §1746, I declare under penalty of perjury, that the foregoing is true and correct.

Date: *April 24*, 2008.

LAWRENCE E. STEVENS

Sworn to before me on *April 24, 2008*.

NOTARY PUBLIC

ANDREA F. KAMINSKI
STATE OF TENNESSEE
NOTARY PUBLIC
DAVIDSON COUNTY
EXP. JULY 25, 2009