# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

------------------------------------X
:
**BROADCAST MUSIC, INC., et al.,** :
: Civil Action No.: 1:08-CV-01359
**Plaintiffs,** :
:
vs. : Judge Gottschall
: Magistrate Judge Keys
**TASTE, INC. d/b/a TASTE ENTERTAINMENT** :
**CENTER; LAWRENCE SIMMONS and** :
**DONALD SIMMONS, each individually.** :
:
**Defendants.** :
:
------------------------------------X

## MEMORANDUM IN SUPPORT OF
## MOTION FOR DEFAULT JUDGMENT

Plaintiffs filed the Complaint in this action on March 6, 2008. All three defendants have been served, the time for defendants to answer or otherwise plead to the Complaint has passed, and no responsive pleadings have been filed.

In compliance with Fed. R. Civ. P. 4(c), Defendant Donald Simmons was personally served with a copy of the Summons and Complaint on March 18, 2008. A copy of the Affidavit of Service, which was filed with the Court, is attached as Exhibit 1.

In compliance with Fed. R. Civ. P. 4(h), Defendant Taste, Inc. was served with a copy of the Summons and Complaint through the Secretary of State on April 15, 2008. The Registered Agent for Taste, Inc. received the certified mail on April 26, 2008. A copy of the Affidavit of Compliance for Service on Secretary of State Under the Business Corporation and the return receipt postcard from the United States Postal Service, which was filed with the Court, is attached as Exhibit 2.

Pursuant to the Court's order dated May 7, 2008, Defendant Lawrence Simmons was served with a copy of the Summons and Complaint via Federal Express on May 9, 2008. A copy of the Affidavit of Service and Federal Express Tracking Receipts, which were filed with the Court, is attached as Exhibit 3.

Pursuant to Fed. R. Civ. P. 12(a)(1)(A), Defendant Donald Simmons was required to file and serve his Answer on Plaintiffs no later than April 7, 2008; Defendant Taste, Inc. was required to file and serve its Answer on Plaintiffs no later than May 16, 2008; and Lawrence Simmons was required to file and serve his Answer on Plaintiffs no later than May 29, 2008. However, no responsive pleading was filed or served.

The Complaint seeks an injunction, statutory damages, the costs of this action, and reasonable attorneys' fees for copyright infringement. In light of Defendant's default, Plaintiffs' request judgment awarding each of these forms of relief. Liability for copyright infringement is established where the defendant defaults as "[t]he facts alleged in the pleadings are assumed to be true." Broadcast Music, Inc. v. DeGallo, Inc., 872 F. Supp. 167, 168 (D.N.J. 1995); see also, Broadcast Music, Inc. v. R Bar of Manhattan, Inc., 919 F. Supp. 656 (S.D.N.Y. 1996).

Within the limits of $750 and $30,000 per infringement, the amount of any statutory damages award is within the discretion of this Court. 17 U.S.C. §504(c) (1999). For the fifteen (15) acts of infringement described in the Complaint, Plaintiffs request a reasonable total award of $45,000. This figure is approximately two times the amount Plaintiffs would have received in licensing fees from Defendants had their establishments properly been licensed, id. ¶¶ 3-5, and constitutes an award of $3,000 for each of the fifteen (15) infringements.

Courts consistently have held that a statutory damages award three times the amount that the

plaintiff would have received in licensing fees is appropriate under Section 504(c). See Chi-Boy Music v. Charlie Club, Inc., 930 F.2d 1224, 1229-30 (7th Cir. 1991); Dream Dealers Music v. Parker, 924 F. Supp. 1146, 1153 (S.D. Ga. 1994) (awarding three times what defendant would have paid ASCAP to be licensed). See also Sailor Music v. IML Corp., 867 F. Supp. 565, 570 (E.D. Mich. 1994) (reviewing "a survey of statutory awards throughout the country, all of which indicate that the courts typically award three times the amount of a properly purchased license for each infringement"). Therefore, Plaintiffs request is a modest, just, and appropriate statutory damages award.

In addition to statutory damages, Plaintiffs request an award of costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505. To date, Plaintiffs have incurred attorneys fees in the amount of $11,415.90. See Declaration of Charles A. Laff, Esq. (attached hereto as Exhibit 4). This amount represents a reasonable fee in light of the experience of counsel, the nature of the case, and the services provided. See id.

Because no responsive pleading was filed within the time provided by the Rules, pursuant to Federal Rule of Civil Procedure 55(b), Plaintiffs respectfully move this Court for entry of default judgment ordering that:

(a) Defendants, Defendants' agents, servants, employees, and all persons acting under Defendants' permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(b) Defendants pay statutory damages in the amount of $45,000, which represents an award of $3,000 for each of the fifteen (15) acts of infringement, pursuant to 17

       U.S.C. § 504(c);

(c)    Defendants pay plaintiffs' costs, including reasonable attorneys' fees in the amount of $11,415.90, pursuant to 17 U.S.C. § 505;

(d)    Defendants pay interest on these awards pursuant to 28 U.S.C. § 1961.

Dated: June 16, 2008                            Respectfully submitted,

                                                    /s/Charles A. Laff
                                                    Charles A. Laff, Esq.
                                                    claff@michaelbest.com
                                                    Gretchen M. Hosty, Esq.
                                                    ghkotleba@michaelbest.com
                                                    Michael Best & Friedrich LLP
                                                    Two Prudential Plaza
                                                    180 North Stetson Avenue, Suite 2000
                                                    Chicago, IL 60601
                                                    (312) 222-0800
                                                    (312) 222-0818

                                                    Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I, Gretchen M. Hosty, an attorney of record in this matter, certify that on June 16, 2008, I caused a copy of the following document:

**MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

to be served on the defendants by United States mail, first-class postage pre-paid:

>Donald Simmons
>35 Huntly Ct.
>Crete, Illinois 60417
>
>Taste, Inc.
>c/o Lawrence E. Simmons, as Registered Agent
>6331 S. Lowe Avenue
>Chicago, Illinois 60621
>
>Lawrence Simmons
>9123 Cregier
>Chicago, Illinois 60617

>*/s/Gretchen M. Hosty*
>Gretchen M. Hosty